FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 SEP -6 PM 1:30

JOYCE LORRAINE BROTZ,　　　　　　　　　Case No.: 6:17-cv-1603-ORL-40TBS
Individually and on behalf of a class of
persons similarly situated,
　　　　Plaintiff,

vs.

SIMM ASSOCIATES, INC.
a Delaware corporation,
　　　　Defendant
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff JOYCE LORRAINE BROTZ, (hereinafter referred to as "Ms. BROTZ" or "Plaintiff"), by and through her undersigned counsel, and for her complaint and jury demand against the above-named defendant states as follows:

### STATEMENT OF PARTIES

1.　Plaintiff Joyce Lorraine Brotz is natural person, a citizen and resident of the State of Florida, currently residing in Oviedo, Seminole County, Florida, and who at all times relevant hereto resided in Seminole County, Florida.

2.　Ms. BROTZ is a "consumer" as defined by 15 U.S.C. § 1692a (3).

3.　Ms. BROTZ is a "debtor" as defined by Fla. Stat. § 559.55(2).

4.　Defendant SIMM ASSOCIATES, INC. (hereinafter referred to as "SAI" or "Defendant" or its proper name) is, upon information and belief, a Delaware corporation with a principal place of business at 800 Pencader Drive, Newark, Delaware 19702.

1

5. Defendant SAI is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6), because SAI regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

6. On or about November 26, 2002, Defendant SAI registered to transact business in the State of Florida and described the purpose of its business in Florida as "debt collection".

7. At all times relevant, Defendant SAI was licensed by the Florida Office of Financial Regulation as a "consumer collection agency" in the State of Florida.

## JURISDICTION AND VENUE

8. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, for breach of contract, and for unjust enrichment.

9. Plaintiff has standing to bring a claim under the FDCPA and the FCCPA because she was directly affected by violations of those Acts, was subjected to Defendant's illegal and improper debt collection activities, and suffered injury in fact as a direct consequence of Defendant's illegal and improper debt collection activities, in the form of unlawful "convenience fees" paid.

10. This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that there are federal questions for claims brought pursuant to 15 U.S.C. § 1692k(d).

11. Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff JOYCE BROTZ resides in this judicial district and the conduct complained of occurred in this district.

## GENERAL ALLEGATIONS

12. On or about August 16, 2007, Ms. BROTZ and her son, William J Brotz, III, entered into a Non-Negotiable Credit Agreement with Bank of America, N.A. for her son's education at the University of Central Florida. This loan is hereinafter referred to as the "Loan" and the contract is

2

referred to as the "Loan Agreement." A partial copy of the Loan Agreement, redacted for private information, is attached as Exhibit "A."

13. Subsequently, the National Collegiate Student Loan Trust (hereinafter referred to as "NCSLT") began demanding payment for the Loan.

14. Ms. BROTZ and William Brotz got behind in their loan payments to NCSLT, and allegedly defaulted on the Loan.

15. At some point after Plaintiff's alleged default, the original creditor of the Loan either directly or through intermediate transactions assigned, placed, transferred or sold the debt to Defendant for collection.

16. Defendant is not in the business of extending credit, selling goods or services to consumers.

17. Defendant regularly collects or attempts to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

18. Defendant is in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

19. Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

20. Defendant is engaged in the collection business

21. SAI contacted Ms. BROTZ by written communication and telephone calls seeking payments on the Loan debt. Exemplars of the written communications seeking payment sent by SAI to Ms. BROTZ are attached hereto as Exhibit B.

22. On or about August 6, 2014, Ms. BROTZ agreed to pay $ 211.40 per month to repay the Loan. Ms. BROTZ paid this amount each month for a period of sixteen (16) months, beginning on

3

August 6, 2014, and continuing through November 6, 2015. Ms. Brotz authorized SAI to withdraw her payment directly from her checking account and SAI withdrew each of these payments via ACH electronic transfer(s).

23. In addition to withdrawing each of these sixteen (16) monthly payments of $211.40 via ACH electronic transfer, SAI also withdrew a "convenience fee" in the amount of $ 12.95 per month from Ms. Brotz's account, causing her total monthly payments to be $224.35 during those sixteen (16) months.

24. The terms of the Loan Agreement do not provide for, contain no provision agreeing to, and do not "expressly authorize" any "convenience fee" for ACH electronic transfer payments, or for any other charges based upon the borrower's method of payment.

25. Prior to December 6, 2015, SAI's employee called Ms. BROTZ and Ms. BROTZ agreed to pay $ 251.40 per month.

26. During the period beginning December 6, 2015, and continuing through September 6, 2016, Ms. BROTZ paid $ 264.35 ($ 251.40 plus a $ 12.95 convenience fee) each month for a period of ten (10) months.

27. At all times relevant hereto, Ms. BROTZ made her payments by ACH electronic fund transfers, thereby enabling SAI to withdraw the payments directly from her checking account.

28. The collection of the monthly $12.95 "convenience fee" is unlawful and in breach of the Loan Agreement. *See* Quinteros v. MBI Associates, Inc., 2014 WL 793138 (E.D. N.Y. Feb. 28, 2014).

29. In October, 2014, the Consumer Financial Protection Bureau ("CFPB") released its Supervisory Highlights for Fall, 2014. Among the highlights were recent examinations of larger market participant debt collectors resulting in identification of "an unfair practice and several violations of the Fair Debt Collection Practices Act (FDCPA)." Supervisory Highlights, CFPB, Pg. 7, Section 2.2 (Oct. 2014).

4

30. In that report, the CFPB highlighted the unlawful imposition of convenience fees as an unfair practice and violation of the FDCPA. Supervisory Highlights, CFPB, Pg. 7, Sec. 2.2.1 (Oct. 2014).

## CLASS ALLEGATIONS

31. It is or was Defendant's routine policy and practice to charge all consumers a fee for paying Defendant SAI using certain forms of payment including, but not necessarily limited to payment by electronic fund transfer (aka ACH electronic transfer) as Ms. BROTZ used.

32. It is or was also Defendant's policy and practice to collect and attempt to collect amounts that are incidental to the principal obligation, which amounts from consumers that are not expressly authorized by the agreement creating the debt or permitted by law.

33. Plaintiff is informed, and believes, and therefore alleges that Defendant's collection communications are designed to drive least sophisticated consumers, such as Plaintiff, to make payments by electronic funds transfer.

34. The inclusion of a "convenience fee" to make an electronic fund transfer payment is intended to falsely convey that Defendant is legally and/or contractually permitted to charge a "convenience fee" for an electronic funds transfer when in fact such a fee/charge is neither authorized by contract nor permitted by law.

35. The inclusion of a "convenience fee" to make a payment is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that paying by electronic funds transfer can cause the balance to be assessed a "convenience fee" and therefore increase when in fact such a fee/charge is neither authorized by contract nor permitted by law.

36. Upon information and belief, the "convenience fee" charged to all consumers for paying Defendant SAI using certain forms of payment, including electronic funds transfer, was mandatory.

37. The additional "convenience fee" charged to Ms. Brotz constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the debt.

38. The additional "convenience fee" constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by Florida law.

39. Defendant's characterization of the additional $12.95 per electronic funds transfer payment charge as a "convenience fee" is false, deceptive, and misleading in that it is well in excess of the actual amount, if any, Defendant incurred with respect to its processing such payments.

40. Defendant's characterization of the additional $12.95 per electronic funds transfer payment charge as a "convenience fee" is false, deceptive, and misleading in that it fails to disclose the true nature of the fee and misrepresents the actual amount, if any, of the fee.

41. Defendant's characterization of the additional $12.95 per electronic funds transfer payment charge as a "convenience fee" is false, deceptive, and misleading in that it is well in excess of what any bank or payment processing entity would charge to process such a payment transaction.

42. Defendant's characterization of the additional $12.95 per electronic funds transfer payment charge as a "convenience fee" is false, deceptive, and misleading in that Plaintiffs understood it to mean, as would the least sophisticated consumer, that Defendants are legally entitled to charge or collect the fee when, in fact, it is not legally or contractually entitled to do so.

43. Plaintiff, JOYCE BROTZ, asserts her FDCPA, FCCPA, breach of contract, and unjust enrichment claims pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself in four (4) subclasses (hereinafter collectively referred to as the "Classes") and defined as:

**FDCPA SUBCLASS:**

(i) All persons with addresses within the State of Florida who, (ii) SIMM ASSOCIATES, INC. charged a mandatory fee for the method of payment ("Convenience Fee"); (iii) when paying a debt; (iv) which, as shown by the nature of Defendant's records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) where the contract or agreement governing the account does not expressly allow Defendant to charge the borrower a Convenience Fee (vi) during the period beginning one year prior to the filing of the initial Complaint in this action through the date that Notice issues to the Class.

(The above described class is hereinafter referred to as the "FDCPA Subclass".)

**FCCPA SUBCLASS:**

(i) All persons with addresses within the State of Florida who, (ii) SIMM ASSOCIATES, INC. charged a mandatory fee for the method of payment ("Convenience Fee"); (iii) when paying a debt; (iv) which, as shown by the nature of Defendant's records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) where the contract or agreement governing the account does not expressly allow Defendant to charge the borrower a Convenience Fee (vi) during the period beginning two (2) years prior to the filing of the initial Complaint in this action through the date that Notice issues to the Class.

(The class defined immediately above is hereinafter referred to as the "FCCPA Subclass".)

**BREACH OF CONTRACT SUBCLASS:**

(i) All persons with addresses within the State of Florida who, (ii) SIMM ASSOCIATES, INC. charged a mandatory fee for the method of payment ("Convenience Fee"); (iii) when paying a debt; (iv) which, as shown by the nature of Defendant's records, or the records of the original creditors, was primarily for personal, family, or household purposes where (v) the contract or agreement governing the account does not expressly allow Defendant to charge a Convenience Fee (vi) during the period beginning four (4) years prior to the filing of the initial Complaint in this action through the date that Notice issues to the Class.

(The class defined immediately above is hereinafter referred to as the "Contract Subclass").

**UNJUST ENRICHMENT SUBCLASS:**

(i) All persons with addresses within the State of Florida who, (ii) SIMM ASSOCIATES, INC. charged a mandatory fee for the method of payment ("Convenience Fee"); (iii) when paying a debt; (iv) which, as shown by the nature of Defendant's records, or the records of the original creditors, was primarily for personal, family, or household purposes where (v) the contract or agreement governing the account does not expressly allow Defendant to charge a Convenience Fee (vi) during the period beginning four (4) years prior to the filing of the initial Complaint in this action through the date that Notice issues to the Class.

(The class defined immediately above is hereinafter referred to as the "Unjust Enrichment Subclass").

44. The Subclasses are so numerous that joinder of all members is impractical. Defendant routinely charged "convenience fees" for processing certain forms of payments as indicated in the letters attached as Exhibit "B" and in Defendant's statements to Ms. BROTZ. Upon information and belief, defendant uses or used the same form letters and collection practices in connection with its collection efforts in hundreds of accounts within the state of Florida that fall within the above Class definitions. Given the percentage of consumers who pay by electronic funds transfer during the applicable time frame, it is reasonable to presume that there are hundreds of class members.

45. There are questions of law and fact common to the Classes and which predominate over any questions affecting only individual members. The common questions of fact are whether the Convenience Fees are authorized by Florida law and/or whether such fees are expressly authorized under the applicable loan agreements. The principal legal issues raised by these claims are whether Defendant's "convenience fee" violates the FDCPA and the FCCPA as an unfair or deceptive means to collect a debt and/or is a charge which the debt collector is not entitled to demand in light of the common statutory prohibition against seeking payments which are not authorized in the Loan Agreement(s) unless such charges are expressly authorized under state law. A similar legal analysis will determine whether SAI breached the contracts with the consumers.

46. Plaintiff's claims are typical of those individuals within the Class as Plaintiff paid the "convenience fee" charged by Defendant to other members of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class and Plaintiff does not have any interest that is antagonistic to the Class she seeks to represent.

47. The Plaintiff will fairly and adequately protect the interest of the class as she prosecutes her own individual claims. Plaintiff has retained counsel experienced in class actions as well as the

8

handling of FDCPA, FCCPA, and breach of contract actions. Neither Plaintiff nor her counsel has any interests antagonistic to the Class or which might cause them not to vigorously pursue this action.

48. Certification of a class under Rule 23(b)(3) is appropriate, in that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The interests of the class members in individually controlling the prosecution and defense of separate actions is minimal, in that the class members are unlikely to be aware their rights were violated and in that individual actions are uneconomical. Difficulties likely to be encountered in managing this class action are substantially less than those that are involved in other types of cases routinely certified.

## COUNT I: FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

49. The above paragraphs 1 through 48 are incorporated herein.

50. This is an action seeking class wide relief for Defendant's pattern and practice of charging a Convenience Fee from the Plaintiff and the FDCPA Subclass members.

51. In this case, the Defendant attempted to collect, and did collect, a "convenience fee" that was not owed.

52. Defendant SAI had no legal or contractual right to collect any amount as a "convenience fee" from Plaintiff and the FDCPA Subclass based upon the form of payment.

53. At all material times herein, Plaintiff's debt and the debt of others similarly situated were consumer debts as defined by the FDCPA, 15 U.S.C. § 1692a (5).

54. At all material times herein, Plaintiff and others similarly situated were "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

55. At all material times herein, Defendant was a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6), as SAI began servicing the account after Plaintiff's and members of the FDCPA Subclass were in default.

9

56. At all material times herein, Defendant knew or should have known that the Loan Agreements giving rise to the debts which Defendant was attempting to collect from Plaintiff and persons similarly situated did not provide for a fee arising from the form of the borrowers' payments.

57. By assessing a "convenience fee" that was not legally owed, Defendant overstated the amount due from the Plaintiff and the FDCPA Subclass.

58. By collecting Convenience Fees which were not legally owed, Defendant converted funds belonging to the Plaintiff and the FDCPA Subclass to Defendant's use and benefit.

59. Defendant SAI violated the following sections of the FDCPA:

(A) 15 U.S.C. § 1692e which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt";

(B) 15 U.S.C. § 1692e (2) which prohibits "the false representation of . . . (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt";

(C) 15 U.S.C. § 1692e (10) which prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer";

(D) 15 U.S.C. § 1692f which prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt"; and

(E) 15 U.S.C. § 1692f (1) which prohibits debt collectors from "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

60. As a direct and proximate result of Defendant's FDCPA violations, Plaintiff and others similarly situated have been harmed, including suffering actual damages in the form of unlawful "convenience fees" paid. Plaintiff and others similarly situated are also entitled to statutory damages under 15 U.S.C. § 1692k(a)(2)(B), and attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiff Joyce Lorraine Brotz requests that the Court enter judgment in favor of herself and the FDCPA Subclass she seeks to represent against Defendant SIMM ASSOCIATES, INC., a Delaware corporation for:

A. Certification of this matter to proceed as a class action;

B. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

C. Statutory damages pursuant to 15. U.S.C. § 1692k(a)(2)(b);

D. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. § 1692(a)(3); and

E. Such other and further relief as the Court deems proper.

## COUNT II – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA")

61. The above paragraphs 1 through 48 are incorporated fully herein.

62. This is a claim for violation of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

63. At all times material to this complaint, Defendant was a "debt collector" as defined under Fla. Stat. § 559.55(6).

64. At all times material, Plaintiff and others similarly situated were "debtors" as defined by Fla. Stat. § 559.55(2).

65. At all times material, the debts of Plaintiff and the Class were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(1).

66. The FCCPA, Section 559.72(9) provides:

"In collecting consumer debts, no person shall:

> (9) Claim, attempt, or threaten to enforce a debt when such personal knows that the debt is not legitimate, *or assert the existence of some other legal right when such person knows that the right does not exist.*"

11

Fla. Stat. § 559.72(9) (emphasis added).

67. The convenience fees charged to Plaintiff and Class members by Defendant were incidental to the consumer debts.

68. However, Defendant had no legal right to seek collection of any convenience fees from Plaintiff and others similarly situated.

69. By collecting the convenience fees, Defendant knowingly violated Fla. Stat. § 559.72(9) by claiming and attempting to enforce a debt which was not legitimate and not due and owing.

70. As a direct and primary result of Defendant's FCCPA violations, Plaintiff and others similarly situated have been harmed. Plaintiff and the Class members are entitled to actual damages, statutory damages, and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

WHEREFORE, Plaintiff Joyce Lorraine Brotz requests that the Court enter judgment in favor of herself and the FCCPA Subclass she seeks to represent against Defendant SIMM ASSOCIATES, INC. for:

A. Certification of this matter to proceed as a class action;

B. Actual damages pursuant to Fla. Stat. § 559.77(2);

C. Statutory damages pursuant to Fla. Stat. § 559.77(2);

D. Attorney's fees, litigation expenses and costs of suit pursuant to Fla. Stat. § 559.77(2); and

E. Such other and further relief as the Court deems proper.

## COUNT III: BREACH OF CONTRACT

71. The above paragraphs 1 through 48 are incorporated fully herein.

72. Plaintiff and Bank of America, N.A., entered into a non-negotiable credit agreement entitled "Education Maximizer Graduate Loan" contract on or about August 16, 2007. This document is

hereinafter referred to as the "Loan Agreement." A partial copy of the "Loan Agreement" is attached as Exhibit "A".

73.  Defendant acted as a debt collector to collect amounts due and owing under this Loan Agreement while the Loan Agreement was in default.

74.  While acting as a debt collector to collect amounts due and owing under this Loan Agreement while the Loan Agreement was in default, defendant sought to collect, and did in fact collect from plaintiff and other persons similarly situated, a "convenience fee" not authorized by the Loan Agreement, or agreed to in the Loan Agreement.

75.  In collecting a "convenience fee" not authorized by or agreed to in the Loan Agreement, defendant breached the Loan Agreement.

76.  As a direct and proximate result of defendant's breach, plaintiff and other similarly situated suffered actual damages, in the form of payment on non-contractual "convenience fees."

WHEREFORE, Plaintiff Joyce Lorraine Brotz requests that the Court enter judgment in favor of herself and the Contract Subclass she seeks to represent against Defendant SIMM ASSOCIATES, INC. for:

A. Certification of this matter to proceed as a class action;

B. Actual damages, in an amount to be determined by the jury, plus interest and costs;

C. The costs of this action;

D. An award of such other and further relief as is deemed appropriate by the Court.

## COUNT IV:  UNJUST ENRICHMENT

77.  Plaintiff re-alleges and incorporates paragraphs 1 through 48 as if fully set forth herein.

78.  This Count is for unjust enrichment/restitution against Defendant for collecting and retaining a "convenience fee" that is not permitted under Florida law or authorized under the Loan Agreement entered into by Plaintiff Brotz's son, from Plaintiff.

79. Specifically, defendant charged Plaintiff and others similarly situated a "convenience fee" for payments made on their debts, and such fee was not authorized under the Loan Agreement entered into or by Florida law.

80. Upon information and belief, defendant retained all or some portion of the "convenience fees" collected from Plaintiff and others similarly situated during the applicable time period.

81. As a result of its wrongful and unlawful conduct of retaining monies unlawfully collected, defendant has been unjustly enriched and has received a benefit under circumstances which make it unjust to retain such benefit without giving compensation.

WHEREFORE, Plaintiff Joyce Lorraine Brotz requests that the Court enter judgment in favor of herself and the Unjust Enrichment Subclass she seeks to represent against Defendant SIMM ASSOCIATES, INC. for:

A. Certification of this matter to proceed as a class action;

B. Actual damages, in an amount to be determined by the jury, plus interest and costs;

C. The costs of this action;

D. An award of such other and further relief as is deemed appropriate by the Court.

## JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

DATED This 6th day of SEPTEMBER, 2017

         <u>s/BRIAN W. WARWICK</u>
BRIAN W. WARWICK, ESQ.
FBN 0605573

JANET R. VARNELL
FBN 0071072

VARNELL & WARWICK, P.A.
Post Office Box 1870
Lady Lake, FL 32158
Telephone: (352) 753 – 8600
Facsimile: (352) 504 - 3301
bwarwick@varnellandwarwick.com
jvarnell@varnellandwarwick.com
TRIAL COUNSEL FOR PLAINTIFFS
(TO BE NOTICED)

     <u>s/DONALD E. PETERSEN</u>
DONALD E. PETERSEN
FBN 0776238

Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
Telephone: (407) 648-9050
ECF (Only): depecf@cfl.rr.com
Email: petersen221@yahoo.com
TRIAL COUNSEL FOR PLAINTIFF
(TO BE NOTICED)