UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOYCE LORRAINE BROTZ,

    Plaintiff,

v.                                                                            Case No: 6:17-cv-1603-Orl-40TBS

SIMM ASSOCIATES, INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court without oral argument on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 25 (the "**Motion**")), filed March 26, 2018, and Plaintiff's Response in Opposition (Doc. 26), filed April 9, 2018. Upon consideration, the Motion is due to be denied.

**I. BACKGROUND**

Joyce Lorraine Brotz brings this putative class action suit against Defendant, Simm Associates, Inc. ("**SAI**"), alleging unlawful debt collection activities. On or about August 16, 2007, Ms. Brotz and her son William Brotz defaulted on their student loan payments to the National Collegiate Loan Trust. (Doc. 1, ¶ 14). The debt was then transferred to SAI, a debt collector. (*Id.* ¶¶ 5–6, 15). Ms. Brotz agreed to repay the loan in monthly installments to SAI and authorized SAI to withdraw payments from her checking account via ACH electronic transfer. (*Id.* ¶ 22). SAI also withdrew a "convenience fee" and credit card payment fee from Ms. Brotz's checking account that the loan agreement did not authorize. (*Id.* ¶¶ 23–24).

Plaintiff therefore brought this action individually and on behalf of a nationwide class alleging that SAI charges consumers excessive fees that are neither authorized by contract nor permitted by law. (*Id.* ¶¶ 43–44). The Complaint brings claims for Fair Debt Collection Practice Act violations, 15 U.S.C. § 1692 *et seq.*, Florida Consumer Collection Practices Act violations, Fla. Stat. § 559.55 *et seq.*, breach of contract, and unjust enrichment. These claims are brought pursuant to Federal Rule of Civil Procedure 23 on behalf of Plaintiff and four (4) subclasses. (*Id.* ¶ 44).

SAI moves to dismiss asserting that personal jurisdiction over claims by out-of-state putative class members is improper based on the Supreme Court decision in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017). *See also* (Doc. 25, p. 4). Ms. Brotz opposes, contending *Bristol-Myers* is not controlling. (Doc. 26, p. 1).

## II. STANDARD OF REVIEW

A court must dismiss an action against a defendant over which it lacks personal jurisdiction. *Smith v. Trans-Siberian Orchestra*, 689 F. Supp. 2d 1310, 1312 (M.D. Fla. 2010). A plaintiff bringing suit against a nonresident defendant must allege "sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The Court must accept the allegations in the complaint as true where they are uncontroverted by the defendant's affidavits and resolve all reasonable inferences in the plaintiff's favor. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). "The plaintiff bears the burden of proving 'by affidavit the basis upon which jurisdiction may be obtained' only if the defendant challenging jurisdiction files 'affidavits in support of his position.'" *Posner v. Essex Ins. Co.*, 178 F.3d

1209, 1214 (11th Cir. 1999) (quoting *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)).

III. **DISCUSSION**

*Bristol-Myers* was a mass tort action brought in California state court by "[a] group of plaintiffs—consisting of 86 California residents and 592 residents from 33 other states"—for injuries allegedly stemming from a drug manufactured by Bristol-Myers Squibb ("**BMS**"). 137 S. Ct. at 1778. BMS challenged the court's specific jurisdiction over the non-California-resident plaintiffs' claims arising outside California. *Id.* at 1777–80, 1782. Applying "settled principles regarding specific jurisdiction," the Supreme Court found that the California state court's exercise of personal jurisdiction over the non-California-resident claims violated the Due Process Clause of the Fourteenth Amendment because there was no "connection between the forum and the [non-residents'] specific claims." *Id.* at 1781. The Court, however, expressly declined to address "the question whether its opinion . . . would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." *Id.* at 1789 n.4 (Sotomayor, J., dissenting).

Defendant asserts that the *Bristol-Myers* holding requires dismissal of the claims of non-Florida-resident putative class members in this action. In its motion, Defendant supports its argument by citing six cases from district courts in Arizona, New York, Missouri, and Illinois applying *Bristol-Myers*. (Doc. 25, pp. 5–6).[1] Defendant represents

---

[1] Defendant cites the following cases: *Practice Mgmt. Support Servs. v. Cirque Du Soleil, Inc.*, 301 F. Supp. 3d 840 (N.D. Ill. 2018); *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 WL 461228 (N.D. Ill. Jan. 18, 2018); *Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870 (N.D. Ill. 2017); *Wenokur v. AXA Equitable Life Ins. Co.*, No. CV-17-00165, 2017 WL 4357916 (D. Ariz. Oct. 2, 2017); *Spratley v. FCA US LLC*, No. 3:12-

that "courts throughout the country have determined that personal jurisdiction cannot be maintained over non-resident class claims against a defendant who is not subject to general personal jurisdiction in the subject forum."[2] (Doc. 25, p. 5).

Interestingly, Defendant's brief fails to mention a single decision, of which there are numerous, holding that *Bristol-Myers* does not apply in the class action context.[3] Indeed, Defendant only tells half the story, which is unfortunate since the other half is more compelling. Since *Bristol-Myers* was decided, numerous district courts faced with

---

CV-0062, 2017 WL 4023348 (N.D.N.Y. Sept. 12, 2017); *Jordan v. Bayer Corp.*, No. 4:17-CV-865, 2017 WL 3006993 (E.D. Mo. July 14, 2017).

[2] The cited cases barely support Defendant's proposition—that a district court lacks specific personal jurisdiction over a defendant with respect to claims lodged by putative class members residing outside the forum state. Indeed, in *Spratley*, the Northern District of New York invoked *Bristol-Myers* in support of the court's holding that it lacked personal jurisdiction over six out-of-state *named* plaintiffs. 2017 WL 4023348, at *6–7. Likewise, the suit in *Jordan* was a mass tort, not a class action, and *Bristol-Myers* was applied in that case to support the court's finding that "there [was] no personal jurisdiction as to the claims of the [named] non-Missouri plaintiffs . . . ." 2017 WL 3006993, at *2, 4. Furthermore, the personal jurisdiction analysis in *Wenokur* was limited to a cursory footnote stating, in dicta, that the court lacked personal jurisdiction over claims asserted by out-of-forum class members. 2017 WL 4357916, at *4 n.4.

The Northern District of Illinois decisions lend Defendant's argument support, though even those decisions stand on shaky ground. *See Debernardis*, 2018 WL 461228 at *2 ("The Court *believes* that it is *more likely than not* based on the Supreme Court's comments about federalism that the courts will apply Bristol-Myers Squibb to outlaw nationwide class actions in a form, such as in this case, where there is no general jurisdiction over the Defendants." (emphasis added)); *Greene*, 289 F. Supp. 3d at 871–72, 874 (applying *Bristol-Myers* to dismiss claims by out-of-forum "*named* plaintiffs in a putative class action" for lack of personal jurisdiction (emphasis added)); *but see Cirque Du Soleil*, 301 F. Supp. 3d at 860–62 (applying *Bristol-Myers* holding to "dismiss the claims of [out-of-forum] putative class members").

[3] "[T]here is a split of authority regarding whether *Bristol–Myers* should be read to hold a district court in Florida lacks personal jurisdiction as to the claims of non–Florida putative class members." *Becker v. HBN Media, Inc.*, 314 F. Supp. 3d 1342, 1344 (S.D. Fla. 2018).

Rule 12(b)(2) motions have found that *Bristol-Myers*' holding does not apply to out-of-forum putative class members' claims. For instance, the U.S. District Court for the District of Columbia recently held that "*Bristol-Myers* does not apply to class actions" because of the "material distinctions between a class action and a mass tort action." *Molock v. Whole Foods Market, Inc.*, 297 F. Supp. 3d 114, 126–27 (D.D.C. 2018). The well-reasoned *Molock* opinion summarizes the rationale for limiting the *Bristol-Myers* holding to the mass action context as follows:

> [I]n a mass tort action, each plaintiff is a real party in interest to the complaints; by contrast, in a putative class action, one or more plaintiffs seek to represent the rest of the similarly situated plaintiffs, and the named plaintiffs are the only plaintiffs actually named in the complaint. Additionally, unlike a mass tort action, for a case to qualify for class action treatment, it needs to meet the additional due process standards for class certification under Rule 23—numerosity, commonality, typicality, adequacy of representation, predominance and superiority. These additional elements of a class action supply due process safeguards not applicable in the mass tort context.

*Id.* (citations and quotation marks omitted). Ultimately, the Court finds the reasoning of the cases Defendant neglected to cite compelling and that *Bristol-Myers* is inapplicable here. *See also, e.g.*, *Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc.*, 305 F. Supp. 3d 1342, 1350–51 (M.D. Fla. 2018) ("[T]he Court declines to extend *Bristol-Myers* to the class action context."); *Sanchez v. Launch Tech. Workforce Sols., LLC*, 297 F. Supp. 3d 1360, 1363–69 (N.D. Ga. 2018) (concluding that the *Bristol-Myers* holding does "not foreclose [the court's] exercise of personal jurisdiction over [the defendant] as to the claims of . . . the unnamed non-resident plaintiffs"); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp.*, No. 17-cv-564, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017) ("[T]he Court is not persuaded to extend *Bristol-Myers* to the class action context . . . ."); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, Civil Action MDL No. 09-2047, 2017

WL 5971622, at *8–20 (E.D. La. Nov. 30, 2017) ("[*Bristol-Myers*] does not speak to or alter class action jurisprudence.").[4]

While Defendant's omission does not technically violate Florida's ethical rules—which require the disclosure of binding caselaw directly adverse to the advocated position—the Court takes notice of defense counsel's lack of candor. *See* Fla. R. of Prof. Conduct 4-3-3; *Malautea v. Suzuki*, 987 F.2d 1536, 1546 ("All attorneys, as 'officers of the court,' owe duties of complete candor and primary loyalty to the court before which they practice.").[5] Defense counsel is reminded that the "duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly." *Malautea*, 987 F.2d at 1546.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 25) is **DENIED**.

2. Defendant **SHALL** answer the Amended Complaint no later than fourteen (14) days from the date of this Order.

---

[4] Although no decisions in this District had addressed this precise issue before Defendant's Motion to Dismiss (Doc. 25) was filed, numerous district courts across the country had entered decisions contradicting Defendant's interpretation of *Bristol-Myers* by then.

[5] The Court must also note that the denial of Defendant's motion for leave to reply to Plaintiff's response brief does not excuse Defendant's omission. To be sure, the adversarial process is designed to protect and advance the interests of each party, and Plaintiff's counsel briefed the cases that Defendant ignored. (*See* Doc. 26). Nevertheless, Defendant cannot shirk its duty of candor based on the assumption that the other side will invariably inform the Court of adverse legal authority.

**DONE AND ORDERED** in Orlando, Florida on October 15, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties